Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Richardine Nesmith**, | **Case No.** |
| Plaintiff, | |
| v. | |
| **iEnergizer Holdings, LLC; First Contact, LLC a/k/a iQor; GC Services L.P.;** and **Alorica, Inc. f/k/a EGS Financial Care, Inc.**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**Complaint**

**Richardine Nesmith** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **iEnergizer Holdings, LLC** (iEnergizer)**, First Contact, LLC a/k/a iQor** (First Contact)**, GC Services L.P.** (GC Services)**,** and **Alorica, Inc. f/k/a EGS Financial Care, Inc.** (Alorica) (collectively, Defendants):

**Introduction**

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

**Jurisdiction and Venue**

2.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      This Court has personal jurisdiction over Defendants because each Defendant regularly conducts business in the State of New Jersey and because Defendants' actions and/or omissions in the State of New Jersey harmed Plaintiff in the State of New Jersey, giving rise to Plaintiff's cause of action.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

**Parties**

5.      Plaintiff is a natural person residing in Jersey City, New Jersey 07305.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant iEnergizer, Inc. is a business entity with a principal place of business, head office, or otherwise valid mailing address at 11009 Metric Boulevard, Building J, Suite 150, Austin, Texas 75252.

8.      Defendant iEnergizer is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant First Contact, LLC d/b/a iQor is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1 Progress Plaza, 200 Central Avenue, Floor 7, Saint Petersburg, Florida 33701.

10.     Defendant First Contact is a "person" as that term is defined by 47 U.S.C. § 153(39).

11.     Defendant GC Services, L.P. is a business entity with a principal place of business, head office, or otherwise valid mailing address at 6330 Gulfton Drive, Houston, Texas 77081.

12.     Defendant GC Services is a "person" as that term is defined by 47 U.S.C. § 153(39).

13.     Defendant Alorica, Inc. f/k/a EGS Financial Care, Inc. is a business entity with a principal place of business, head office, or otherwise valid mailing address at 5 Park Plaza, Suite 1100, Irvine, California 92614.

14.     Defendant Alorica is a "person" as that term is defined by 47 U.S.C. § 153(39).

15.     Each defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## Factual Allegations

16.     Plaintiff has a cellular telephone number.

17.     Plaintiff has only used this phone number as a cellular telephone.

18.     Beginning in or around early 2015 and continuing through mid-2016, Defendants repeatedly called Plaintiff on her cellular telephone.

19.     When Plaintiff answered calls from Defendants from early 2015 through mid-2016, their representatives stated they were calling from a third party, Credit One Bank, regarding an alleged credit-card balance.

20.     On at least one of these calls on behalf of Credit One, soon after calls began around early 2015, Plaintiff stated to one of Defendants' representatives that she did not wish Credit One to contact her.

21.     Once Defendants' representatives heard Plaintiff's instruction to stop, Credit One and Defendants knew they were calling her without her prior express consent.

22.     Despite Plaintiff's clear demand to refrain from contacting her, Defendants persisted in calling Plaintiff repeatedly on behalf of Credit One.

23.     Defendants contacted Plaintiff using an automated telephone dialing system or systems and/or pre-recorded voice.

24.     Throughout the period Defendants were calling Plaintiff on behalf of Credit One, Plaintiff knew that Defendants' calls were automated calls as the calls would usually start with a pause or delay before being connected with a live representative.

25.     Defendants' incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when Defendant would contact Plaintiff while performing her work-related obligations.

26.     Frustrated by the incessant calls, Plaintiff brought a claim in arbitration before the American Arbitration Association against Credit One Bank, N.A., for violations of the TCPA. See Exhibit A, Demand. This arbitration was later assigned the AAA Case Number 01-17-0002-0387.

27.     During arbitration, Credit One provided discovery responses stating that every call made to Plaintiff's cellular telephone in 2015 and 2016 on behalf of Credit One was made by one of the four Defendants: iEnergizer, First Contact, GC Services, or Alorica.

28.     Discovery further identified each of the Defendants as a vendor or contractor for Credit One.

29.     Discovery further identified that while Credit One exercised supervision over Defendants in their activities on Credit One's behalf, they were in exclusive possession of nearly all information regarding the telephone dialing equipment that had been used to place calls to Plaintiff's cellular telephone on behalf of Credit One.

30.     Plaintiff therefore amended her demand against Credit One to name Defendants as additional respondents to the arbitration. See Exhibit B, Amended Demand. However, Defendants resisted joinder to the arbitration, and it was agreed instead that the arbitral claims against Defendants would be dismissed without prejudice to allow Plaintiff to pursue a civil action against Defendants in federal court. See Exhibit C, Order Staying Arbitration. The arbitration AAA Case No. 01-17-002-0387 is stayed pending resolution of the civil action. See id.  at 3.

## Count I
## Defendants Violated the TCPA

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     The TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system or automatically generated or prerecorded voice unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(1)(A)(iii).

33.     Defendants initiated repeated calls to Plaintiff's cellular telephone.

34.     Defendants initiated these calls to Plaintiff using an automatic telephone dialing system.

35.     Defendants' calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

36.     Defendants' calls to Plaintiff's cellular telephone were not made for emergency purposes.

37.     Defendants' conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system voice to Plaintiff's cellular telephone.

38.     The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. §227(b)(3).

39.     When Defendants called Plaintiff on behalf of Credit One, they knew no later than Plaintiff's first instruction to stop calling that they did not have prior express consent to call Plaintiff.

40.     When Defendants called Plaintiff on behalf of Credit One, they knew they were placing calls to a cellular telephone.

41.     Defendants violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

42.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Richardine Nesmith**, respectfully prays for judgment as follows:

    a.     All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A));

    b.     Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.     Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.     Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e.     Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Richardine Nesmith**, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter as it relates to the Defendants named herein is not subject to any other action pending in any court, arbitration or administrative proceeding.  Plaintiff brought a separate claim in arbitration before the American Arbitration Association against Credit One Bank, N.A., AAA Case Number 01-17-0002-0387, for related violations of the TCPA.

Respectfully submitted,

Dated: 11-28-18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com