

CRAIG THOR KIMMEL+-^
ROBERT M. SILVERMAN+*-

AMY L. BENNECOFF GINSBURG+*¤#µ¢
RICHARD J. ALBANESE+*
W. CHRISTOPHER COMPONOVO ˣ#
CHAD P. DOMAN+
RYAN FITZGERALD+
JASON L. GRESHES +*-
SHANNON R. HARKINS+*
JACQUELINE C. HERRITT+*¤•◦♣♠
JOSEPH C. HOEFFEL+
RACHEL M. MALL+*
ROBERT A. RAPKIN+
RACHEL R. STEVENS+*¢
ANGELA K. TROCCOLI+¤±

+ *Member, PA Bar*
\* *Member, NJ Bar*
ˣ *Member, DE Bar*
- *Member, NY Bar*
^ *Member, MA Bar*
# *Member, MD Bar*
♣ *Member, OH Bar*
□ *Member, NH Bar*
± *Member, CT Bar*
« *Member, TN Bar*
µ *Member, WY Bar*
¥ *Member, DC Bar*
¢ *Member, CA Bar*
◦ *Member, WI Bar*

www.CREDITLAW.com
(800)-NOT-FAIR

**CORPORATE HEADQUARTERS**
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (877) 788-2864

**DELAWARE**, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
**NEW ENGLAND**, 136 Main Street, Suite 301, Danielson, CT 06239, (860) 866-4380
**NEW JERSEY**, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
**NEW YORK**, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
**W. NEW YORK**, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
**W. PENNSYLVANIA,** 100 Ross Street, Suite 330, Pittsburgh, PA 15219, (412) 566-1001
Please reply to CORPORATE HEADQUARTERS

April 3, 2017

American Arbitration Association
Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

**RE:** *Richardine Nesmith v. Credit One Bank*: Claimant's Demand for Arbitration

Dear Sir or Madam:

This is the corrected written notice and demand of Claimant, Richardine Nesmith ("Claimant"), pursuant to the Consumer Arbitration Rules of the American Arbitration Association (AAA), against the Respondent, Credit One Bank ("Respondent"). The appropriate consumer filing fee of $200.00 is enclosed and Claimant requests AAA accept this case.

Pursuant to the provisions of R-2(a)(1) of the Consumer Arbitration Rules, Claimant submits the following information:

a.   Claimant hereby demands that the dispute be referred to arbitration.

b.   The names and addresses of the parties and their respective counsel are:

    Claimant:                      Represented By Counsel:

    Richardine Nesmith          Amy L. Bennecoff Ginsburg
    285 Stegman Pkwy, Apt. 208  Kimmel & Silverman, P.C.
    Jersey City, NJ 07305         30 East Butler Avenue
                                        Ambler, PA 19002
                                        Tel: 215-540-8888/Fax: 877-788-2864
                                        Email: teamkimmel@creditlaw.com

*"When Debt Collectors called you, they never expected you to call us"*

*© Copyright 2009-2015 All Rights Reserved, Kimmel & Silverman, P.C.*

|  |  |
|---|---|
| Defendant: | Represented By Counsel: |
| Credit One Bank<br>585 Pilot Road<br>Las Vegas, NV 89119 | Narine Yenovkian<br>Tiffany Collins<br>Legal Department<br>Credit One Bank<br>585 Pilot Road<br>Las Vegas, NV 89119<br>Tel.: 702-269-1190<br>Email: Narine.Yenovkian@creditone.com<br>Tiffany.Collins@creditone.com |

c. Arbitration is to take place according to the terms of the Credit One arbitration agreement, which is attached. See Ex. A.

e. Claimant demands arbitration to address Respondent's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA")'s prohibition on "using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a...cellular telephone." See 47 U.S.C. §227(b)(1)(A)(iii).

f. Claimant specifically makes the following allegations:

## INTRODUCTION

(1) Claimant's claim is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## PARTIES

(2) Claimant is a natural person who resides in Jersey City, New Jersey.

(3) Claimant is a "person" as the term is defined by 47 U.S.C. §153(39).

(4) Respondent is a corporation with its headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

(5) Respondent is a "person" as that term is defined by 47 U.S.C. §153(39).

(6) Respondent acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

(7)   Claimant has a cellular telephone number.

(8)   Claimant has only used her cellular telephone number as a cellular telephone number.

(9)   Beginning in or around the Spring 2015 and continuing through May 2016, Respondent called Claimant on her cellular phone on a repetitive and continuous basis.

(10)  When contacting Claimant on her cellular phone, Respondent used an automated telephone dialing system and automatic and/or prerecorded voice.

(11)  Claimant knew Respondent was using an automated dialing system as calls usually began with a noticeable delay prior to a representative picking up the phone.

(12)  Respondent's calls were not made for "emergency purposes."

(13)  Shortly after the calls started in 2015, Claimant requested Respondent stop calling, thereby revoking any consent Respondent may have had or thought it had to call.

(14)  Respondent acknowledged Claimant's request, but told her she the calls would continue until she made a payment and then continued to call repeatedly.

(15)  Claimant found the Respondent's repeated calls stressful, frustrating, annoying, and aggravating.

## RESPONDENT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

(16)  Claimant incorporates the forgoing paragraphs as though they were set forth at length herein.

(17)  Respondent initiated multiple automated calls to Claimant's cellular telephone using an automatic telephone dialing system.

(18)  Respondent's calls to Claimant were not made for emergency purposes.

(19)  After Claimant told Respondent to stop calling, Respondent knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

(20) Respondents acts described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard of Claimant's rights under the law and with the purpose of harassing Claimant.

(21) The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

(22) As a result of the above violations of the TCPA, Claimant has suffered the losses and damages set forth in Subsection g. below.

g. Claimant seeks the following relief from the arbitrator: (1) all actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A); (2) statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B); (3) treble damages of $1,500.00 per violative call pursuant to 47 U.S.C. §227(b)(3); injunctive relief pursuant to 47 U.S.C. §227(b)(3); (4) any other relief deemed appropriate by the arbitrator; (5) arbitration fees, including, but not limited to, the initial filing fee as provided in the parties' agreement. See Ex. A.

h. Claimant proposes the arbitration be conducted before a single arbitrator, in Newark, New Jersey, and that the language of the arbitration be the English language.

i. A copy of this letter has been mailed to Respondent in accordance with the Rules of Consumer Arbitration and as noted below.

I would be happy to provide any additional information you may require. In the meantime, thank you for your attention to this matter.

                                                Respectfully submitted,

                                                */s/ Amy L. Bennecoff Ginsburg*
                                                Amy L. Bennecoff Ginsburg, Esq.

Enclosures

cc:     Credit One Bank           Narine Yenovkian
       585 Pilot Road             Tiffany Collins
       Las Vegas, NV 89119     Legal Department
                                        Credit One Bank
                                        585 Pilot Road
                                        Las Vegas, NV 89119