# KIMMEL & SILVERMAN
P.C.

CRAIG THOR KIMMEL +-^
ROBERT M. SILVERMAN +*-

+ *Member, PA Bar*
* *Member, NJ Bar*
x *Member, DE Bar*
- *Member, NY Bar*
^ *Member, MA Bar*
# *Member, MD Bar*
♣ *Member, OH Bar*
§ *Member, MI Bar*
□ *Member, NH Bar*
± *Member, CT Bar*
« *Member, TN Bar*
μ *Member, WY Bar*
¥ *Member, DC Bar*
¢ *Member, CA Bar*
° *Member, WI Bar*
£ *Member, WV Bar*
§ *Member, FL Bar*

AMY L. BENNECOFF GINSBURG +«#μ¢§
RICHARD J. ALBANESE +*
W. CHRISTOPHER COMPONOVO x#¥
CHAD P. DOMAN +
RYAN FITZGERALD +
JASON L. GRESHES +*-
SHANNON R. HARKINS +*
JACQUELINE C. HERRITT +*±-°^♣
JOSEPH C. HOEFFEL +
RACHEL M. MALL +*
ROBERT A. RAPKIN +
KAREEM R. SEIFELDIN +*
RACHEL R. STEVENS +*¢
ANGELA K. TROCCOLI +□±-
ZACHARY A. ZAWROTNY

www.CREDITLAW.com
(800)-NOT-FAIR

**CORPORATE HEADQUARTERS**
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (877) 788-2864

**DELAWARE**, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
**NEW ENGLAND**, 136 Main Street, Suite 301, Danielson, CT 06239, (860) 866-4380
**NEW JERSEY**, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
**NEW YORK**, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
**W. NEW YORK**, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
**W. PENNSYLVANIA,** 100 Ross Street, Suite 330, Pittsburgh, PA 15219, (412) 566-1001

Please reply to CORPORATE HEADQUARTERS

June 26, 2018

**Sent Via Electronic Mail**

Jennifer McDermott
AAA Case Administrator
jennifermcdermott@adr.org

**RE:**   *Richardine Nesmith v. Credit One Bank*: **Claimant's First Amended Demand for Arbitration**
**AAA Case No.: 01-17-0002-0387**

Dear Sir or Madam:

This is the first amended notice and demand of Claimant, Richardine Nesmith ("Claimant"), pursuant to the Consumer Arbitration Rules of the American Arbitration Association (AAA), against the Respondents, Credit One Bank ("Credit One"), iEnergizer, GC Services ("GC"), Alorica, and First Contact, LLC a/k/a iQor ("iQor") (collectively "Respondents"). The appropriate consumer filing fee of $200.00 was already paid and Claimant requests the arbitrator accept this First Amended Demand in this case.

Pursuant to the provisions of R-2(a)(1) of the Consumer Arbitration Rules, Claimant submits the following information:

a.   Claimant hereby demands that the dispute be referred to arbitration.

b.   The names and addresses of the parties and their respective counsel are:

   Claimant:                              Represented By Counsel:

   Richardine Nesmith                     Amy L. Bennecoff Ginsburg
   285 Stegman Pkwy, Apt. 208             Kimmel & Silverman, P.C.
   Jersey City, NJ 07305                  30 East Butler Avenue

*"When Debt Collectors called you, they never expected you to call us"*
© Copyright 2009-2018 All Rights Reserved, Kimmel & Silverman, P.C.

|  |  |
|---|---|
|  | Ambler, PA 19002<br>Tel: 215-540-8888/Fax: 877-788-2864<br>Email: teamkimmel@creditlaw.com |
| Defendant: | Represented By Counsel: |
| Credit One Bank<br>6801 Cimarron Road<br>Las Vegas, NV 89113 | Aaron R. Easley, Esq.<br>Sessions, Fishman, Nathan & Israel<br>3 Cross Creek Drive<br>Flemington, NJ 00822<br>Tel: 908-237-1660; Fax: 908-237-1663<br>Email: aeasley@sessions.legal |
| iEnergizer, Inc.<br>ATTN: Legal Department<br>11009 Metric Boulevard<br>Building J, Suite 150<br>Austin, TX 75252 | Unknown |
| GC Services Limited Partnership<br>ATTN: Legal Department<br>6330 Gulfton<br>Houston, TX 77081 | Unknown |
| Alorica<br>ATTN: Legal Department<br>5 Park Plaza, Suite 1100<br>Irvine, CA 92614 | Unknown |
| iQor/First Contact, LLC<br>ATTN: Legal Department<br>One Progress Plaza<br>200 Central Avenue, Floor 7<br>Saint Petersburg, FL 33701 | Unknown |

c.  Arbitration is to take place according to the terms of the Credit One arbitration agreement, which is attached. See Ex. A.

d.  Claimant demands arbitration to address Respondents' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA")'s prohibition on "using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a...cellular telephone." See 47 U.S.C. §227(b)(1)(A)(iii).

*"When Debt Collectors called you, they never expected you to call us"*

*© Copyright 2009-2018 All Rights Reserved, Kimmel & Silverman, P.C.*

e. Claimant specifically makes the following allegations:

## INTRODUCTION

(1) Claimant's claim is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## PARTIES

(2) Claimant is a natural person who resides in Jersey City, New Jersey.

(3) Claimant is a "person" as the term is defined by 47 U.S.C. §153(39).

(4) Respondent Credit One is a corporation with its headquarters located at 6801 Cimarron Road, Las Vegas, Nevada 89113.

(5) Respondent iEnergizer, Inc. is a corporation with its offices located at 11009 Metric Boulevard, Building J, Suite 150, Austin, TX 75252.

(6) Respondent GC Services Limited Partnership is a business with an address of 6330 Gulfton, Houston, TX 77081

(7) Respondent Alorica is a business with its headquarters at 5 Park Plaza, Suite 1100, Irvine, CA 92614.

(8) Respondent First Contact, LLC a/k/a iQor is a business with offices at One Progress Plaza, 200 Central Avenue, Floor 7, Saint Petersburg, FL 33701.

(9) Respondents are each a "person" as that term is defined by 47 U.S.C. §153(39).

(10) Respondent Credit One hired Respondents iEnergizer, GC Services, Alorica, and First Contact a/k/a iQor to place and receive calls to its credit card customers on its behalf, including calls to collect money.

(11) Respondents acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

(12) Claimant has a cellular telephone number.

(13) Claimant has only used her cellular telephone number as a cellular telephone number.

*"When Debt Collectors called you, they never expected you to call us"*

© Copyright 2009-2018 All Rights Reserved, Kimmel & Silverman, P.C.

(14) Beginning in or around the Spring 2015 and continuing through May 2016, Respondents called Claimant on her cellular phone on a repetitive and continuous basis.

(15) When contacting Claimant on her cellular phone, Respondents used an automated telephone dialing system and automatic and/or prerecorded voice.

(16) Claimant knew Respondents was using an automated dialing system as calls usually began with a noticeable delay prior to a representative picking up the phone.

(17) Respondents' calls were not made for "emergency purposes."

(18) Shortly after the calls started in 2015, Claimant requested Respondents stop calling, thereby revoking any consent Respondents may have had or thought they had to call.

(19) Respondents acknowledged Claimant's request, but told her she the calls would continue until she made a payment and then continued to call repeatedly.

(20) Claimant found the Respondents' repeated calls stressful, frustrating, annoying, and aggravating.

## RESPONDENT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

(21) Claimant incorporates the forgoing paragraphs as though they were set forth at length herein.

(22) Respondents initiated multiple automated calls to Claimant's cellular telephone using an automatic telephone dialing system.

(23) Respondents' calls to Claimant were not made for emergency purposes.

(24) After Claimant told Respondents to stop calling, Respondents knew or should have known they did not have consent to call and/or that any consent they thought they had was revoked.

(25) Respondents' acts described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard of Claimant's rights under the law and with the purpose of harassing Claimant.

*"When Debt Collectors called you, they never expected you to call us"*

*© Copyright 2009-2018 All Rights Reserved, Kimmel & Silverman, P.C.*

(26) The acts and/or omissions of Respondents were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

(27) As a result of the above violations of the TCPA, Claimant has suffered the losses and damages set forth in Subsection f. below.

f. Claimant seeks the following relief from the arbitrator: (1) all actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A); (2) statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B); (3) treble damages of $1,500.00 per violative call pursuant to 47 U.S.C. §227(b)(3); injunctive relief pursuant to 47 U.S.C. §227(b)(3); (4) any other relief deemed appropriate by the arbitrator; (5) arbitration fees, including, but not limited to, the initial filing fee as provided in the parties' agreement. See Ex. A.

g. Claimant proposes the arbitration be conducted before a single arbitrator, in Newark, New Jersey, and that the language of the arbitration be English.

h. A copy of this letter has been mailed to Respondent in accordance with the Rules of Consumer Arbitration and as noted below.

I would be happy to provide any additional information you may require. In the meantime, thank you for your attention to this matter.

Respectfully submitted,

*/s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.

Enclosures

cc: Aaron R. Easley, Esq.
Sessions, Fishman, Nathan & Israel
3 Cross Creek Drive
Flemington, NJ 00822

iEnergizer, Inc.
ATTN: Legal Department
11009 Metric Boulevard
Building J, Suite 150
Austin, TX 75252

GC Services Limited Partnership
ATTN: Legal Department
6330 Gulfton
Houston, TX 77081

Alorica
ATTN: Legal Department
5 Park Plaza, Suite 1100
Irvine, CA 92614

iQor/First Contact, LLC
ATTN: Legal Department
One Progress Plaza
200 Central Avenue, Floor 7
Saint Petersburg, FL 33701

*"When Debt Collectors called you, they never expected you to call us"*

*© Copyright 2009-2018 All Rights Reserved, Kimmel & Silverman, P.C.*