IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARDINE NESMITH,<br><br>    **Plaintiff,**<br><br>v.<br><br>**iENERGIZER HOLDINGS, LLC; FIRST CONTACT, LLC a/k/a iQOR; GC SERVICES L.P.; and ALORICA, INC. f/k/a EGS FINANCIAL CARE, INC.,**<br><br>    **Defendants.** | No. 2:18-cv-16534 |

**GC SERVICES LIMITED
PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant GC Services Limited Partnership ("GC Services") for its Answer to Plaintiff Richardine Nesmith's Complaint ("Plaintiff's Complaint") denies each and every allegation contained therein except any allegations which may be hereinafter specifically admitted. For further answer, utilizing the same paragraph numbering as utilized in Plaintiff's Complaint, GC Services alleges and states as follows:

**I.      ANSWER TO PLAINTIFF'S COMPLAINT**

**Response to Introduction**

1.      GC Services admits that Plaintiff brings this Complaint based on the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227.  To the extent the allegation in Paragraph 1 calls for a legal conclusion, no response is required, and GC Services therefore denies the same. GC Services specifically denies that any violation of the TCPA occurred.

**Response to Jurisdiction and Venue**

2.      The allegations contained in Paragraph 2 are argumentative, an incomplete recitation of the statute cited, and state a legal conclusion to which no response is required; therefore, GC Services denies the same.

3.      The allegations contained in Paragraph 3 are argumentative and state a legal conclusion to which no response is required.  Further, Defendant GC Services lacks sufficient information to admit or deny any allegations related to Co-Defendants in the lawsuit.  GC Services denies any further allegations in Paragraph 3, denies that it harmed Plaintiff and demands strict proof thereof.

4.      The allegations contained in Paragraph 4 are argumentative, an incomplete recitation of the statute cited, and state a legal conclusion to which no response is required; therefore, GC Services denies the same.

## Response to Parties

5.      The allegations contained in Paragraph 5 state a legal conclusion to which no response is required. To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations contained therein and, therefore, denies the same.

6.      The allegations contained in Paragraph 6 are argumentative, an incomplete recitation of the statute cited, and state a legal conclusion, to which no response is required. To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the same.

7.      The allegations contained in Paragraph 7 appear to be directed at another party or entity to which no response is required.  To the extent a response is required, GC Services lacks

sufficient information or knowledge to admit or deny the allegations contained therein and, therefore, denies the same.

8.      The allegations contained in Paragraph 8 appear to be directed at another party or entity to which no response is required.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations contained therein and, therefore, denies the same.

9.      The allegations contained in Paragraph 9 appear to be directed at another party or entity to which no response is required.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations contained therein and, therefore, denies the same.

10.     The allegations contained in Paragraph 10 appear to be directed at another party or entity to which no response is required.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations contained therein and, therefore, denies the same.

11.     GC Services admits only that it has a business office located at 6330 Gulfton, Houston, Texas 77081 in response to the allegations contained in Paragraph 11 of Plaintiff's Complaint.  All other allegations are denied.

12.     The allegations contained in Paragraph 12 are argumentative, an incomplete recitation of the statute cited, and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

13.     The allegations contained in Paragraph 13 appear to be directed at another party or entity to which no response is required.  To the extent a response is required, GC Services

3

lacks sufficient information or knowledge to admit or deny the allegations contained therein and, therefore, denies the same.

14.     The allegations contained in Paragraph 14 appear to be directed at another party or entity to which no response is required.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations contained therein and, therefore, denies the same.

15.     The allegations contained in Paragraph 15 are vague and ambiguous and are partially directed to other parties or entities to which no response is required by GC Services.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the same.

### Response to Factual Allegations

16.     GC Services lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 and, therefore, denies the same.

17.     GC Services lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 and, therefore, denies the same.

18.     The allegations contained in Paragraph 18 are argumentative and, at least in part, appear to be directed at other parties or entities to which no response is required by GC Services. To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the same.

19.     The allegations contained in Paragraph 19, at least in part, appear to be directed at other parties or entities to which no response is required by GC Services.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the same.

4

20.     The allegations contained in Paragraph 20, at least in part, appear to be directed at other parties or entities to which no response is required by GC Services.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the same.

21.     The allegations contained in Paragraph 21, at least in part, appear to be directed at other parties or entities to which no response is required by GC Services and state a legal conclusion to which no response is required.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the same.

22.     The allegations contained in Paragraph 22, at least in part, appear to be directed at other parties or entities to which no response is required by GC Services.  To the extent a response is required, GC Services lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the same.

23.     The allegations contained in Paragraph 23, at least in part, appear to be directed at other parties or entities to which no response is required by GC Services.  To the extent a response is required, GC Services denies the same.

24.     The allegations contained in Paragraph 24 are argumentative, state a legal conclusion and, at least in part, appear to be directed to another party or entity for which GC Services owes no response.  To the extent a response is required, GC Services denies the same.

25.     The allegations contained in Paragraph 25 are argumentative, vague and lacking in definition, time, and scope as to "work-related obligations," and, at least in part, appear to be directed at other parties or entities for which GC Services owes no response.  To the extent a response is required, GC Services denies these allegations.

26.     GC Services admits that Plaintiff brought a claim before the American Arbitration Association against Credit One Bank, N.A., Case No. 01-17-0002-0387, but denies any remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     GC Services lacks sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same.

28.     The allegations contained in Paragraph 28, at least in part, appear to be directed to another party or entity for which GC Services owes no response.  To the extent a response is required by this Defendant, GC Services admits that on occasion Credit One asks it to assist in collection of overdue accounts.

29.     The allegations contained in Paragraph 29 are argumentative, vague and ambiguous, state a legal conclusion and, at least in part, appear to be directed to another party or entity for which GC Services owes no response.  To the extent a response is required, GC Services admits that it has possession of information related to the telephone dialing equipment used in its business, but denies any remaining allegations contained in Paragraph 29 and demands strict proof thererof.

30.     The allegations contained in Paragraph 30 are argumentative and appear to call for a legal conclusion to which no response is required.  To the extent further response is required, Defendant GC Services states that the arbitration documents speak for themselves and all remaining allegations are denied.

### Responses to Count I Defendants Violated the TCPA

31.     GC Services incorporates by reference its answers to the allegations in Paragraphs 1 through 30 and all sub-paragraphs as if set forth fully herein.

32.     The allegations contained in Paragraph 32 are argumentative and an incomplete recitation of the statute cited, state a legal conclusion to which no response is required, and to the extent a response is required, GC Services denies the same.

33.     The allegations contained in Paragraph 33 are incomprehensible as drafted due to Plaintiff's failure to identify the Defendant to which she is referring. To the extent a response is required, GC Services has insufficient information to admit or deny the allegations and, therefore, denies the same.

34.     Plaintiff fails to identify the Defendant to which it is referring, so the allegations in Paragraph 34 are incomprehensible, vague and ambiguous.  To the extent a response is required, GC Services denies the same.

35.     The allegations contained in Paragraph 35 state a legal conclusion and are vague and ambiguous inasmuch as Plaintiff failed to identify the Defendant to which she is referring. To the extent a response is required, GC Services states that it has insufficient information to admit or deny the allegations and, therefore, denies the same.

36.     The allegations contained in Paragraph 36 state a legal conclusion and are vague and ambiguous inasmuch as Plaintiff failed to identify the Defendant to which she is referring. To the extent a response is required, GC Services states that it has insufficient information to admit or deny the allegations and, therefore, denies the same.

37.     The allegations contained in Paragraph 37 are argumentative and an incomplete recitation of the statute cited and state a legal conclusion to which no response is required.  To the extent a response is required, GC Services denies the same.

38.     The allegations contained in Paragraph 38 are argumentative and an incomplete recitation of the statute cited and state a legal conclusion to which no response is required.  By way of further answer, GC Services states that the language of the statute speaks for itself.

39.     The allegations contained in Paragraph 39 state a legal conclusion and are vague and ambiguous inasmuch as Plaintiff failed to identify the Defendant to which she is referring. To the extent a response is required, GC Services denies the same.

40.     The allegations contained in Paragraph 40 are vague and ambiguous inasmuch as Plaintiff failed to identify the Defendant to which she is referring.  To the extent a response is required, GC Services denies the same.

41.     The allegations contained in Paragraph 41 are argumentative and an incomplete recitation of the statute cited and state a legal conclusion to which no response is required; therefore, GC Services denies the same.

42.     The allegations contained in Paragraph 42 are argumentative and an incomplete recitation of the statute cited and state a legal conclusion to which no response is required; therefore, GC Services denies the same.

### Response to Wherefore Paragraph

Plaintiff's prayer paragraph does not require a response, but to the extent that factual allegations are contained therein, those allegations are expressly denied.  GC Services denies that Plaintiff is entitled to any relief, including the relief set forth in Paragraphs a – e.

a.     Denied;

b.     Denied;

c.     Denied;

d.     Denied; and

e.      Denied.

## II.      <u>AFFIRMATIVE DEFENSES</u>

For further answer to Plaintiff's Complaint, GC Services alleges the following defenses. By asserting the matters below, GC Services does not assume the burden of proof on the allegations that do not constitute affirmative defenses and with regard to which Plaintiff bears the burden of proof.

1.      Plaintiff has failed to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2.      Plaintiff's claims are barred because she is not entitled to the relief requested as a matter of law.

3.      Plaintiff's claims may be barred by the statute of limitations.

4.      Plaintiff's claims are barred by Plaintiff's own wrongful conduct.

5.      Plaintiff's claims may be barred, in whole or in part, by the doctrines of latches, estoppel and/or waiver.

6.      GC Services has taken no actions against Plaintiff in violation of any agreement or legal duty.

7.      GC Services has not engaged in any unlawful conduct against Plaintiff.

8.      Any alleged actions by GC Services did not cause damage to Plaintiff.

9.      Plaintiff has failed to mitigate her damages, if any.

10.     GC Services is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding GC Services' maintenance of procedures reasonably adapted to avoid any such error.

9

11.     Plaintiff lacks article III standing to bring this Complaint.

12.     Any purported damages suffered by Plaintiff were caused in whole or in part by the actions or omissions of third parties over whom GC Services has no control, authority, or responsibility, and the conduct of said third parties constitutes an intervening, or superseding cause of Plaintiff's alleged damages, if any.

13.     GC Services reserves the right to assert additional affirmative defenses.

15.     Plaintiff and/or a customary user of the subject telephone number consented to receive any telephone calls at issue.

16.     Plaintiff did not revoke consent to receive calls or, alternatively, any purported revocation of consent by Plaintiff was ineffective.

17.     Plaintiff's damages claim under the TCPA is barred due to an absence of any actual damages. Hence, any statutory damages are an excessive fine and violate GC Services' rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.

WHEREFORE, GC Services requests that the Court deny all relief requested by Plaintiff and enter judgment in favor of GC Services on all of Plaintiff's claims, GC Services be awarded its taxable costs, and all such other and further relief as the Court deems just and proper.

## II.     DEMAND FOR JURY

GC Services demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

Dated this 7th day of February, 2019.

Respectfully submitted,

*/s/ Krista Fiore*

Krista Fiore
REILLY, MCDEVITT & HENRICH, P.C.
3 Executive Campus, Suite 310
Cherry Hill, NJ 08002
Telephone:  (856) 317- 7180
Facsimile:  (856) 317-7188

**ATTORNEY FOR DEFENDANT,**
**GC SERVICES LIMITED PARTNERSHIP**

11

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 7th day of February, 2019, I electronically transmitted the attached document to the U.S. District Court for the District of New Jersey Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ ECF registrant(s):

Amy L. Bennecoff Ginsburg, Esq.
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Email: aginsburg@creditlaw.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Krista Fiore*